UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                                          :

UNITED STATES OF AMERICA               :

                                                                                         :   **ORDER REGARDING**
                                                                                          :   **REMOTE TESTIMONY**

            -against-                             :   20 Cr. 324 (AKH)

DOMINGO BEATO-ESTRELLA,           :

                            Defendant.   :

------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The government requested that I permit one of its witnesses in the upcoming evidentiary hearing to testify remotely. Defense counsel submitted a letter opposing this request. Considering the exceptional circumstances, and in the interest of justice, the government's request is granted. The witness is to testify through a two-way closed circuit video conference on October 5, 2023 at 1 p.m. The parties are to cross-examine the witness from Courtroom 14D at 500 Pearl Street.

        The Second Circuit permits a trial court to "allow a witness to testify via two-way closed-circuit television when this furthers the interests of justice" upon a "finding of exceptional circumstances." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). The witness's medical issues meet the standard that courts in this district apply for Fed. R. Crim. P. 15 depositions at trial. Remote testimony is appropriate when: "(1) the witness's testimony is material; (2) the [movant] has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, the witness is unavailable within the meaning of the case law); and (3) allowing testimony by such means furthers the interests of justice." *See*

1

*United States v. Buck*, 271 F. Supp. 3d 619, 622–23 (S.D.N.Y. 2017). I find all three prongs met here.

First, the witness's testimony is material. Her interactions with the defendant are the core factual dispute warranting this evidentiary hearing. Second, the government has demonstrated a good-faith effort to obtain her presence and documents a compelling reason for why she cannot appear in person. There is abundant caselaw permitting remote testimony for medical issues, including long before the COVID pandemic. *See, e.g., United States v. Akhavan*, No. 20 Cr. 188 (JSR), 2021 WL 797806, at *8–9 (S.D.N.Y. Mar. 1, 2021); *Gigante*, 166 F.3d at 81 (permitting testimony for witness with cancer). Finally, the witness's remote testimony is in the interest of justice: counsel will not be denied the opportunity to challenge her testimony in real time, the witness's health will not be compromised, and defendant's case can proceed expeditiously. An adjournment would not ameliorate the need for remote testimony.

Defense counsel has the right to reserve all objections. However, remote testimony via two-way video in this suppression hearing does not constitute a Confrontation Clause violation under the Sixth Amendment. Courts in this Circuit have regularly held that the Confrontation Clause is inapplicable to suppression hearings. *See, e.g., United States v. Shaw*, No. 16 Cr. 642 (RJS), 2017 WL 1380598, at *6–7 (S.D.N.Y. April 13, 2017) (analyzing why the Confrontation Clause doe not apply); *see also United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("[T]he process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself."). Even if applicable to suppression hearings, live remote testimony with contemporaneous cross-examination

preserves the "face-to-face confrontation" at the heart of this Sixth Amendment right. *Gigante*, 166 F.3d at 81.

Accordingly, I grant the government's request for the witness to testify remotely. This witness is to testify through a two-way closed circuit video conference on October 5, 2023 at 1 p.m. The parties are to cross examine the witness from Courtroom 14D at 500 Pearl Street. No later than 5 p.m. on Wednesday, October 4, 2023, the government shall email the witness's email address to chambers at hellersteinnysdchambers@nysd.uscourts.gov. Chambers will share the video link and conduct appropriate connectivity testing with the witness on the morning of the hearing. The Clerk is instructed to terminate ECF No. 42.

SO ORDERED.

Dated: October 4, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3