UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
UNITED STATES OF AMERICA                  :
                                          :    **ORDER PURSUANT TO FED.**
                                          :    **R. CRIM. P. 35(a)**
                                          :
            -against-                     :
                                          :    24 Cr. 520 (AKH)
                                          :    20 Cr. 324 (AKH)
                                          :
DOMINGO BEATO-ESTRELLA,                   :
                                          :
                        Defendant.        :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Pursuant to Federal Rule of Criminal Procedure 35(a), I *sua sponte* amend Defendant Domingo Beato-Estrella's sentence of February 5, 2025 in two respects.

*First*, I amend Defendant's sentence of incarceration as to Count Two of Indictment 20 Cr. 324 (bail jumping) from 120 months' imprisonment to run consecutive with all other counts, to time served.[1] For each of the other counts of conviction, I sentence Defendant to 188 months' imprisonment, to run concurrently. This amendment does not disturb the aggregate 188 month sentence I previously imposed at Defendant's sentencing hearing.

Any carceral sentence imposed for bail jumping "shall be consecutive to the sentence of imprisonment for any other offense." 18 U.S.C. § 3146(b)(2); *see also United States v. Kirkham*, 195 F.3d 126, 131 (2d Cir. 1999) (the consecutive sentencing requirement of this statute is only applicable if the court imposes a sentence of imprisonment, which it need not impose). Though the offense of bail jumping committed where, as here, the underlying crime is punishable by a

---

[1] At sentencing, I imposed a concurrent sentence of 120 months' imprisonment as to all counts of conviction, and also imposed a consecutive sentence of 68 months' imprisonment, concurrent on all counts, except for Count Two of Indictment 20 Cr. 324 (due to its statutory maximum of 120 months' imprisonment), for a total term of imprisonment of 188 months. This sentence was, and remains, at the bottom of the Guidelines range that the parties stipulated to in their plea agreement.

term of imprisonment of 15 years or more contains a statutory maximum sentence of 10 years, *see* 18 U.S.C. § 3146(b)(1)(A)(i), the Guidelines calculation which the parties stipulated to in their plea agreement, and which I adopted at sentencing, adequately takes into account the Defendant's conduct of failing to appear and absconding as a fugitive from justice.

*Second*, I amend Defendant's sentence of supervised release as to Count Two of Indictment 20 Cr. 324 from four years to three years. Since this Count is a Class C felony, *see* 18 U.S.C. § 3559(a)(3), the statutory maximum term of supervised release that I may impose as to this Count is three years. 18 U.S.C. § 3583(b)(2). The four-year term of supervised release I imposed as to Count One of Indictment 20 Cr. 324, and the five-year term of supervised release I imposed as to Counts One and Two of Indictment 24 Cr. 520, to run concurrent with all other terms of supervised release, as well as the conditions of supervised release, remain intact.

The balance of the Defendant's sentence remains undisturbed by this Order.

SO ORDERED.

Dated:    February 12, 2025
              New York, New York

                                            ALVIN K. HELLERSTEIN
                                            United States District Judge